

# Fourth Court of Appeals
## San Antonio, Texas

December 18, 2020

No. 04-20-00477-CV

**IN THE INTEREST OF F.B.C.L., B.A.I.L., L.K.A.L., AND J.J.W.L, CHILDREN**

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01116
Honorable Laura Salinas, Judge Presiding

# O R D E R

On October 2, 2020, we ordered appellant to file a response by October 19, 2020 explaining why she failed to file her notice of appeal in a timely manner. In that order, we explained that her notice of appeal had been due by September 8, 2020, and our records showed that she had filed a pro se notice of appeal on September 16, 2020—within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). We further explained that without a reasonable explanation setting out why she failed to file her notice of appeal in a timely manner, the appeal would be dismissed. *See id.*; TEX. R. APP. P. 26.3, 42.3(c). A copy of the order was sent to both appellant and her court-appointed trial counsel, Ms. Sharon Thorne. *In re J.O.H.*, 283 S.W.3d 336, 343 (Tex. 2009) (providing that court-appointed trial counsel's duty of representation continues until relieved of that duty); *see* TEX. FAM. CODE ANN. § 107.013(a)(1) (setting out statutory right of indigent parents to counsel in parental rights termination cases).

After multiple attempts by this court to follow up with Ms. Thorne, on November 23, 2020, Ms. Thorne indicated by email that she had not had any contact with appellant, did not know that appellant wanted to file an appeal, and did not know why appellant filed an untimely pro se notice of appeal. Our office asked Ms. Thorne to file a response setting out this information, but to this date, a response has not been filed.

Because appellant is unrepresented by court-appointed counsel at this critical stage of her appeal, we **ORDER** this appeal **ABATED** and **ORDER** the trial court to conduct a hearing **by January 8, 2021** in whatever format the trial court uses as a result of the COVID-19 pandemic to answer the following questions:

(1) Has appointed counsel, Ms. Sharon Thorne, abandoned the appeal and is appellant entitled to new appointed counsel?

(2) Whether sanctions should be imposed on Ms. Sharon Thorne. The trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court is further **ORDERED** to prepare written findings of fact and conclusions of law, and the district clerk and court reporter are **ORDERED** to file a supplemental clerk's and reporter's record **within five days of the trial court's hearing** which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted; (2) written findings of fact and conclusions of law; and (3) recommendations addressing the above enumerated questions.

Because this is an accelerated appeal of an order terminating appellant's parental rights which must be disposed of by this court within 180 days of the date the notice of appeal is filed, no later than March 15, 2021, it is further **ORDERED** that either Ms. Thorne or newly appointed counsel file a response in compliance with our October 2, 2020 order **within five days of the trial court's hearing.** Should this court determine the response establishes this court's jurisdiction, we will immediately set the appellant's briefing deadline to be due in twenty days of the response given both the clerk's record and reporter's record have been filed on October 16, 2020 and November 16, 2020, respectively. Counsel is advised that extensions of time will be disfavored given the statutory deadline.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of December, 2020.



_____
MICHAEL A. CRUZ, Clerk of Court